IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BEACON NAVIGATION GMBH,**  *Plaintiff,*  v.  **BAYERISCHE MOTOREN WERKE AG; BMW OF NORTH AMERICA, LLC; AND BMW MANUFACTURING CO., LLC,**  *Defendants.* | Civil Action No.  **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Beacon Navigation GmbH ("Beacon" or "Plaintiff"), for its Complaint against Defendants Bayerische Motoren Werke AG ("BMW"), BMW of North America, LLC ("BMW of North America"), and BMW Manufacturing Co., LLC ("BMW Manufacturing Co.") states and alleges as follows:

## THE PARTIES

1. Plaintiff Beacon is a Swiss company with limited liability with a principal place of business in Switzerland.

2. Upon information and belief, Defendant BMW is a German corporation with its principal place of business at Petuelring 130, 80788, Munich, Germany.

3. Upon information and belief, Defendant BMW of North America is a Delaware corporation with its principal place of business at 300 Chestnut Ridge Rd., Woodcliff Lake, NJ 07677.

4. Upon information and belief, Defendant BMW Manufacturing Co. is a Delaware

corporation with its principal place of business at 1400 Hwy. 101 S., Greer, SC 29651-6731.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and/or 1400(b) because (1) a substantial part of the events giving rise to Beacon's claims occurred in the District of Delaware, (2) because each of the Defendants is either resident in or otherwise subject to personal jurisdiction in the District of Delaware, or is an alien, or (3) each of the Defendants has committed acts of infringement in and has a regular and established place of business in the District of Delaware.

## BACKGROUND

7. Beacon owns all right, title and interest in U.S. Patent No. 6,374,180 (the "'180 patent"); U.S. Patent No. 6,029,111 (the "'111 patent"); and U.S. Patent No. 5,862,511 (the "'511 patent") (collectively, the "patents-in-suit").

8. The '180 patent, entitled "Points of Interest for a Navigation System," was duly and legally issued by the United States Patent and Trademark Office on April 16, 2002, after full and fair examination. A copy of the '180 patent is attached hereto as Exhibit A.

9. The '111 patent, entitled "Vehicle Navigation System and Method Using GPS Velocities," was duly and legally issued by the United States Patent and Trademark Office on February 22, 2000, after full and fair examination. A copy of the '111 patent is attached hereto as Exhibit B.

10. The '511 patent, entitled "Vehicle Navigation System and Method," was duly and

legally issued by the United States Patent and Trademark Office on January 19, 1999, after full and fair examination. A copy of the '511 patent is attached hereto as Exhibit C.

11. BMW, BMW of North America, and BMW Manufacturing Co. manufacture, sell and distribute vehicles with navigation systems, including but not limited to the BMW M3 and Mini Cooper Hardtop.

## COUNT I

## INFRINGEMENT OF THE '180 PATENT

12. Beacon incorporates each of the preceding paragraphs 1-11 as if fully set forth herein.

13. BMW, BMW of North America, and BMW Manufacturing Co. have been and are infringing literally and/or under the doctrine of equivalents, directly, contributorily, or by inducement, at least claim 1 of the '180 patent.

14. BMW, BMW of North America, and BMW Manufacturing Co. directly infringe, in violation of 35 U.S.C. § 271 (a), by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that practice the '180 patent, including but not limited to the BMW M3 and Mini Cooper Hardtop.

15. Upon information and belief, BMW, BMW of North America, and BMW Manufacturing Co. had knowledge of the '180 patent based on a letter sent to each of them on September 28, 2011.

16. Upon information and belief, BMW, BMW of North America, and BMW Manufacturing Co. have contributed to direct infringement of the '180 patent by others (e.g., consumers), in violation of 35 U.S.C. § 271(b), because the GPS navigation systems in their products, including but not limited to the BMW M3 and Mini Cooper Hardtop, are specially

adapted for an infringing use of the '180 patent, embody a material part of the inventions claimed in the '180 patent, and are not staple articles of commerce suitable for substantial non-infringing use.

17. Upon information and belief, BMW, BMW of North America, and BMW Manufacturing Co. actively induce others (e.g., consumers) to directly infringe the '180 patent, in violation of 35 U.S.C. § 271(c), by providing products with GPS navigation systems, including but not limited to the BMW M3 and Mini Cooper Hardtop, along with instructions, user manuals, or technical assistance actively directing, encouraging, or assisting infringement of the '180 patent, and/or by providing a system where one of the core and common features leads to third party infringement of the '180 patent.

18. Upon information and belief, BMW, BMW of North America, and BMW Manufacturing Co. had knowledge of the '180 patent based on a letter sent to each of them on September 28, 2011 but have engaged in infringing conduct nonetheless.  BMW, BMW of North America, and BMW Manufacturing Co.'s infringement is willful.

19. Beacon has no adequate remedy at law against these acts of patent infringement. Unless BMW, BMW of North America, and BMW Manufacturing Co. are permanently enjoined from further infringement of the '180 patent, Beacon will suffer irreparable harm.

20. As a direct and proximate result of the acts of patent infringement by BMW, BMW of North America, and BMW Manufacturing Co., Beacon has been damaged in an amount not presently known.

21. Beacon has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.  The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Beacon is entitled to recover its reasonable and necessary

fees and expenses.

## COUNT II

## INFRINGEMENT OF THE '111 PATENT

22. Beacon incorporates each of the preceding paragraphs 1-11 as if fully set forth herein.

23. BMW, BMW of North America, and BMW Manufacturing Co. have been and are infringing literally and/or under the doctrine of equivalents, directly, contributorily, or by inducement, at least claims 1, 10, and 17 of the '111 patent.

24. BMW, BMW of North America, and BMW Manufacturing Co. directly infringe, in violation of 35 U.S.C. § 271 (a), by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that practice the '111 patent, including but not limited to the BMW M3.

25. Upon information and belief, BMW, BMW of North America, and BMW Manufacturing Co. had knowledge of the '111 patent based on a letter sent to each of them on September 28, 2011.

26. Upon information and belief, BMW, BMW of North America, and BMW Manufacturing Co. have contributed to direct infringement of the '111 patent by others (e.g., consumers), in violation of 35 U.S.C. § 271(b), because the GPS navigation systems in their products, including but not limited to the BMW M3, are specially adapted for an infringing use of the '111 patent, embody a material part of the inventions claimed in the '111 patent, and are not staple articles of commerce suitable for substantial non-infringing use.

27. Upon information and belief, BMW, BMW of North America, and BMW Manufacturing Co. actively induce others (e.g., consumers) to directly infringe the '111 patent,

in violation of 35 U.S.C. § 271(c), by providing products with GPS navigation systems, including but not limited to the BMW M3, along with instructions, user manuals, or technical assistance actively directing, encouraging, or assisting infringement of the '111 patent, and/or by providing a system where one of the core and common features leads to third party infringement of the '111 patent.

28.     Upon information and belief, BMW, BMW of North America, and BMW Manufacturing Co. had knowledge of the '111 patent based on a letter sent to each of them on September 28, 2011 but have engaged in infringing conduct nonetheless.  BMW, BMW of North America, and BMW Manufacturing Co.'s infringement is willful.

29.     Beacon has no adequate remedy at law against these acts of patent infringement. Unless BMW, BMW of North America, and BMW Manufacturing Co. are permanently enjoined from further infringement of the '111 patent, Beacon will suffer irreparable harm.

30.     As a direct and proximate result of the acts of patent infringement by BMW, BMW of North America, and BMW Manufacturing Co., Beacon has been damaged in an amount not presently known.

31.     Beacon has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.  The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Beacon is entitled to recover its reasonable and necessary fees and expenses.

## COUNT III

### INFRINGEMENT OF THE '511 PATENT

32.     Beacon incorporates each of the preceding paragraphs 1-11 as if fully set forth herein.

33. BMW, BMW of North America, and BMW Manufacturing Co. have been and are infringing literally and/or under the doctrine of equivalents, directly, contributorily, or by inducement, at least claims 1 and 3 of the '511 patent.

34. BMW, BMW of North America, and BMW Manufacturing Co. directly infringe, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that practice the '511 patent, including but not limited to the BMW M3.

35. Upon information and belief, BMW, BMW of North America, and BMW Manufacturing Co. had knowledge of the '511 patent based on a letter sent to each of them on September 28, 2011.

36. Upon information and belief, BMW, BMW of North America, and BMW Manufacturing Co. have contributed to direct infringement of the '511 patent by others (e.g., consumers), in violation of 35 U.S.C. § 271(b), because the GPS navigation systems in their products, including but not limited to the BMW M3, are specially adapted for an infringing use of the '511 patent, embody a material part of the inventions claimed in the '511 patent, and are not staple articles of commerce suitable for substantial non-infringing use.

37. Upon information and belief, BMW, BMW of North America, and BMW Manufacturing Co. actively induce others (e.g., consumers) to directly infringe the '511 patent, in violation of 35 U.S.C. § 271(c), by providing products with GPS navigation systems, including but not limited to the BMW M3, along with instructions, user manuals, or technical assistance actively directing, encouraging or assisting infringement of the '511 patent, and/or by providing a system where one of the core and common features leads to third party infringement of the '511 patent.

38. Upon information and belief, BMW, BMW of North America, and BMW Manufacturing Co. had knowledge of the '511 patent based on a letter sent to each of them on September 28, 2011 but have engaged in infringing conduct nonetheless. BMW, BMW of North America, and BMW Manufacturing Co.'s infringement is willful.

39. Beacon has no adequate remedy at law against these acts of patent infringement. Unless BMW, BMW of North America, and BMW Manufacturing Co. are permanently enjoined from further infringement of the '511 patent, Beacon will suffer irreparable harm.

40. As a direct and proximate result of the acts of patent infringement by BMW, BMW of North America, and BMW Manufacturing Co., Beacon has been damaged in an amount not presently known.

41. Beacon has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Beacon is entitled to recover its reasonable and necessary fees and expenses.

## PRAYER FOR RELIEF

Beacon requests that judgment be entered in its favor and BMW, BMW of North America, and BMW Manufacturing Co, and that the Court award the following relief to Beacon:

(a) damages in an amount adequate to compensate Beacon for infringement of the patents-in-suit, and in no event less than a reasonable royalty;

(b) increased damages in an amount three times the damages found by the jury or assessed by the Court for the willful infringement of the patents-in-suit pursuant to 35 U.S.C. § 284;

(c) expenses, costs, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

(d) a preliminary and, thereafter, a permanent injunction against BMW, BMW of North America, and BMW Manufacturing Co., their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them who receive actual notice thereof;

(e) prejudgment and post-judgment interest on all damages; and

(f) such other relief as the Court deems just and proper.

## JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Beacon asserts its rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues triable by a jury.

Dated: October 11, 2011

Respectfully submitted,

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

/s/ *Elena C. Norman*
Elena C. Norman (No. 4780)
Monté T. Squire (No. 4764)
James L. Higgins (No. 5021)
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
*enorman@ycst.com*

*Of Counsel*
Robert E. Freitas
Kevin C. Jones
Michael C. Ting
FREITAS TSENG BAIK & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

*Attorneys for Plaintiff*
BEACON NAVIGATION GMBH